UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| MARCUS PARHAM, | ) | |
|---|---|---|
| Petitioner, | ) | Civil No. 6:18-cv-146-GFVT |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Marcus Parham is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Parham filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] The Respondent has now filed a response to that petition [R. 11], and the time for Parham to file a reply brief has expired. This matter is therefore ripe for a decision. For the reasons set forth below, the Court will deny Parham's petition.

In 2009, a federal grand jury indicted Parham, charging him with multiple drug- and gun-related crimes. *See United States v. Marcus Parham*, No. 5:08-cr-051 at R. 21 (W.D.N.C. 2009). Parham eventually pled guilty to three counts—count one, conspiracy to distribute and to possess with the intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 841 and 846; count three, aiding and abetting the possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c) and 2; and count five, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See id.* at R. 54, R. 70.

With respect to count one, the United States filed a notice pursuant to 21 U.S.C. § 851 indicating that Parham had previously been convicted in Pennsylvania of possession with the

intent to deliver a controlled substance. *See id.* at R. 19. Since that prior conviction was a felony drug offense, Parham was subject to a 20-year mandatory minimum sentence on count one pursuant to 21 U.S.C. § 841(b)(1)(A). *See id.* Notably, however, the United States pointed out that, pursuant to the plea agreement, it was "foregoing the filing of a second prior drug conviction criminal information which would have otherwise exposed the defendant to a term of life imprisonment mandatory minimum" pursuant to § 841(b)(1)(A). *See id.* at R. 85 at 12.

With respect to count three, Parham was subject to a 5-year mandatory minimum sentence on that count, and that term had to run consecutive to any other term of imprisonment imposed by the trial court. *See id.* at R. 70 (citing 18 U.S.C. § 924(c)).

With respect to count five, the trial court determined that Parham was subject to a 15-year mandatory minimum sentence on that count pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). That is because Parham had at least three prior convictions for a violent felony or serious drug offense. Specifically, Parham had two prior Pennsylvania convictions for possession with the intent to distribute a controlled substance, both of which the trial court concluded were serious drug offenses, as well as a prior murder conviction, which the trial court concluded was a violent felony. [R. 15-1 at ¶¶ 31, 39, 43–44, 69–70].

Finally, in calculating Parham's advisory sentencing guidelines range, the trial court determined that he was also a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.). That is because Parham's two prior Pennsylvania drug convictions constituted "controlled substance offenses" under § 4B1.1. As a result, the trial court concluded that Parham's advisory guidelines range was 322 to 387 months in prison. [R. 15-1 at ¶¶ 30, 35, 70].

That said, the trial court varied downward and ultimately sentenced Parham to 20 years in prison on each of counts one and five, to be served concurrently, and 5 years in prison on count three, to run consecutive to the term imposed in counts one and five. Thus, the trial court sentenced Parham to a total of 25 years in prison. *See Parham*, No. 5:08-cr-051 at R. 70, R. 71. Parham did not file a direct appeal, and his efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful. *See id.* at R. 86, R. 106, R. 130.

Parham has now filed a § 2241 petition with this Court. The crux of Parham's argument is, in light of intervening case law, his prior Pennsylvania drug convictions are no longer valid predicate offenses for purposes of a sentence enhancement under either the U.S.S.G. or the ACCA. To support his petition, Parham cites several Supreme Court decisions, including but not limited to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as a number of federal circuit court cases.

As an initial matter, Parham waived his right to collaterally attack his sentence. Indeed, Parham specifically said in his plea agreement that he "waives *all* rights to appeal or collaterally attack the sentence of conviction" except as to claims of ineffective assistance of counsel or prosecutorial misconduct. [R. 15 at ¶¶ 16-17 (emphasis added)]. This broad waiver precludes the arguments that Parham makes in this case. As this Court has recognized on numerous occasions, such waivers are valid and enforceable in § 2241 proceedings. *See, e.g., Conley v. Quintana*, No. 5:17-cv-488 at R. 4 (E.D. Ky. Dec. 15, 2017); *Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:14-cv-021-HRW (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). In short, Parham is barred from challenging his sentence in his habeas petition.

3

That said, even if Parham's collateral attack waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Parham cannot use a § 2241 petition as a way of challenging his sentence.

Parham nevertheless suggests that he can attack his sentence in a § 2241 petition. It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, the Sixth Circuit explained that the petitioner must show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Court also explained that its decision addressed only a narrow subset of § 2241 petitions—those involving a "subsequent, retroactive change in statutory interpretation by the Supreme Court [that] reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.* at 600.

Those circumstances do not apply in this case. Most importantly, Parham's 25-year sentence represents the mandatory minimum he could have received on counts one and three

4

pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 18 U.S.C. § 924(c). [*See* R. 15-1 at ¶ 69 (explaining this point)]. Thus, even if Parham was right and intervening case law had made it clear that he was no longer subject to sentence enhancements under either the U.S.S.G. or the ACCA, he would still be subject to the exact same mandatory minimum sentence because of his convictions on counts one and three. As a result, Parham cannot establish that his sentence represents a miscarriage of justice or fundamental defect.

Finally, even if Parham's arguments were relevant, he still has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that his previous Pennsylvania drug convictions are not predicate offenses for purposes of a career-offender enhancement. While Parham has cited *Descamps* and *Mathis*, those cases discuss the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the ACCA. Here, the trial court determined that Parham's two prior Pennsylvania drug convictions constituted "serious drug offenses" for purposes of the ACCA enhancement and "controlled substance offenses" for purposes of the § 4B1.1 enhancement. Parham has not clearly identified any case law that undercuts this conclusion. In fact, if anything, the case law cited by the United States indicates that Parham's prior convictions *do* constitute valid predicate offenses for purposes of the sentence enhancements. *See, e.g., United States v. Glass*, 904 F.3d 319, 323-24 (3rd Cir. 2018) (recognizing that the crime of conviction is a valid predicate offense under § 4B1.1); *United States v. Lomax*, 744 F. App'x 754, 758 (3rd Cir. 2018) (the same with respect to the ACCA). Thus, Parham's arguments are unavailing. Accordingly, it is hereby **ORDERED** as follows:

1. Parham's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**;

5

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. Judgment in favor of the Respondent shall be entered contemporaneously herewith.

This the 13th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge